*953 OPINION.
Milliken:
It is the petitioner’s contention, respecting the first and second issues, that he suffered a loss of $22,678, when he is purported to have deeded the Honaker Farm to Cyrus Frost, and that he is entitled to a deduction as commissions paid of $12,818. Petitioner did owe his agents for the services which they had rendered — the exact amount we are not advised, whether more than or less than the sum sought to be deducted. Cyrus Frost testified that he had a conversation with petitioner, in the fall of 1919, with regard to the payment for services, that he was offered a deed to the Honaker Farm, which he refused to accept. During the year 1920, he, for the first time, learned the farm had been deeded to him and for the first time found the deed when going through his father’s papers, in 1922. He has received no rents or revenue from the same and has paid no taxes thereon. Petitioner has collected the revenues and rents from the farm and has paid the taxes that have been paid. The record contains no evidence of even presumptive delivery of the deed to the property, earlier than January 5, 1920. After due consideration of all the facts of record, we are of the opinion that the respondent should be sustained on both issues.
Concerning the third issue, we are of the opinion that the partnership of Heydrick & Shaw is .entitled to an allowance of the loss claimed on the sale in 1920, of the Pearson Lease to Dobie.
The remaining issue relates to the determination by respondent that the petitioner received income attributable to his share accruing to the partnership of which he was a member, by reason of the sale made to the Hamon interests. The record does not disclose the events which led up to disagreement and the dissolution of the partnership, which existed between the Kell and Hamon interests. We do know that the construction of the railroad was halted, that *954 the Kell interests sold $150,000 par value of Liberty bonds and relinquished all right and title to the railroad as far as had been constructed, extending from Dublin to a point beyond Breckenridge, and were relieved of all liabilities of whatever nature attaching to the railroad project, and upon settlement in 1920, were possessed of the entire common capital stock of the Wichita Falls & Southern By. Co., and the sum of $1,050,000 in cash.
Petitioner contends that he should not be charged with income by reason of the transaction with the Hamon interests, because there still existed a liability to extend the railroad from a point beyond Breckenridge to Newcastle, and that in subsequent years, Kell and associates were sued for some of the debts of the Hamon interests incident to the construction of the railroad from Dublin to Breckenridge.
An entirely changed state of affairs existed after the sale to the Hamon interests. Kell and his associates were engaged in an undertaking of their own, in which they were entirely responsible, i. e., the building of the railroad from Breckenridge to Newcastle. As a partnership, they had sold their right, title and interest in the railroad thus far constructed, and upon receipt by Kell, his associates received income to the extent of their distributable interest therein. It may well be that in the construction of the railroad from Breckenridge to Newcastle, they were called upon for contributions in excess of the sums received from the partnership arising out of the Hamon transaction, but, if so, that was another transaction requiring the investment of capital with which we are not here concerned. Neither should we be concerned with the suits instituted against Kell and his associates, in years subsequent to 1920, by reason of the failure of Hamon to pay all claims which he agreed to pay by the contract of September 1, 1920. In the first place, no losses have in fact been shown to have resulted, by reason of the suits, and in the second place, Kell and his associates believed Hamon to be fully solvent when the sale was made and did not contemplate that any liability would ever result. We are of the opinion that the evidence concerning this issue does not prove the error alleged.
Judgment will be entered on 15 days' notice, under Rule 50.
Considered by Marquette and Phillips.